[No. 14037.   Department Two. — September 21, 1891.]

E. G. JUDSON ET AL., RESPONDENTS, v. MATTHEW GAGE, APPELLANT.

SUBSCRIPTIONS— AID OF RAILWAY—NOTES PAYABLE TO AGENT OF COM-MITTEE—ACTION BY COMMITTEE—PLEADING—GENERAL DEMURRER. — A complaint in an action by the members of a " railroad committee," appointed by residents along the line of a proposed railway to raise funds by subscription to secure rights of way and depot grounds therefor, al-leging the facts connected with their appointment as such committee, and showing that one of their number, who was their authorized agent to procure previous subscriptions, had secured subscriptions from many residents along the line of the road, and that at his instance the defendant had subscribed an amount specified, in satisfaction of which he had exe-cuted two notes set out in the complaint, which were payable to the order of their agent, described therein as " Agt. R. R. Com.," that no part of either of the notes had been paid, and that plaintiffs had purchased va-rious rights of way and depot grounds, for which they had paid more than the amount of defendant's subscription, relying thereupon, sufficiently states a cause of action as against a general demurrer.

ID. — CONDITIONAL SUBSCRIPTION — PERFORMANCE OF CONDITION — CON-SENT TO VARIANCE — EVIDENCE — SUPPORT OF FINDING. — Where it ap-pears that the subscription in satisfaction of which the notes in suit were given was made on condition that the road was to be constructed through the defendant's land, on a specified line, testimony that the railroad was built, substantially, as described in the subscription, and that if there was any slight variance from the exact line therein described, such vari-ance was with the defendant's knowledge and consent, and that the road conformed with his ideas, will support a finding that the conditions of the subscription were complied with.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The action was brought by eleven plaintiffs, comprising a "railroad committee," appointed by residents along the line of the proposed railway of the San Bernardino Val-ley Railroad Company to procure funds to obtain a right of way and land for depot grounds and other buildings

for the proper construction and operation of the railway. The complaint alleged the facts connected with the appointment of the plaintiffs as such committee, and that E. G. Judson was authorized to act as an executive committee and agent for the plaintiffs, and that as such agent he procured many subscriptions from other residents along the line of the road, and procured from the defendant a right of way across the defendant's land, and a subscription of $2,500, and that the plaintiffs effected the purchase of various rights of way and depot grounds from other parties, and paid more than $2,500 therefor, relying upon the said subscription of the defendant; that the defendant, on the twenty-eighth day of February, 1888, as a satisfaction of said subscription, executed two promissory notes of $1,250 each, set out in the complaint, which were payable to "E. G. Judson, Agt. R. R. Com., or order," and that no part of either of said notes had been paid. The findings sustain the allegations of the complaint. The bill of exceptions discloses that the following is a copy of the subscription made by the defendant:—

"We, the undersigned, residents of San Bernardino Valley, in consideration of the benefits accruing therefrom, hereby subscribe and agree to pay the amount set opposite to our names to secure the right of way and depot grounds for the San Bernardino Valley Railway Company, on the line known as the L, or Park Avenue line, changed as below; right of way one hundred feet wide over and through my land known as Victoria; also depot grounds; also, in addition to the above, the sum of two thousand five hundred dollars, all on condition that the California Central Railway Company maintain said road and depot to be built by me on a line running parallel to Dr. Pierson's north line, and distant therefrom eight hundred feet, as marked on Engineer Perris's map, the precise location of depot as may be agreed upon by Messrs. Gage and Perris.

Pd.

"Matthew Gage . . . . . . . . . . . $2,500."
    (Acknowledged.)

(Here follow a list of names, with various amounts set opposite them.)

Further facts are stated in the opinion of the court.

*Curtis & Otis,* and *George E. Otis,* for Appellant.

*E. E. Rowell,* and *Waters & Gird,* for Respondents.

The COURT. — This is an action upon two promissory notes alleged to have been made by defendant in payment of his subscription to a fund raised by citizens for the purpose of procuring a right of way and depot grounds for a certain railroad. Plaintiffs had judgment as prayed for, and defendant appeals from the judgment upon the judgment roll, which contains a bill of exceptions.

We think that the complaint is good as against a general demurrer, and that the demurrer was properly overruled, although neither the complaint nor the answer is as certain and full as it should have been.

Appellant further contends that the evidence was not sufficient to support the finding that the notes were given in payment of the subscription; and also contends that the subscription and the notes, which were given several months afterwards, should be considered as one transaction; and that the evidence is not sufficient to support the finding that the conditions of the subscription were complied with. But the evidence is overwhelming to the point that the notes *were* given in payment of the subscription. As to the other contention, the point made is, that the railroad, by the terms of the appellant's subscription, was to be constructed through his land, " on a line running parallel to Dr. Pierson's north line, and distant about eight hundred feet therefrom," and that the evidence fails to show that it was constructed on that line. There was some conflict of evidence on this point, but it warranted the court in finding that there was a substantial compliance with this condition. There was testimony to the point that the road was built, substantially, as described in the subscription, and that if there was any slight variance from the

rigid parallel line therein mentioned, such variance was with the knowledge and consent of the appellant, and that the road " did conform to Mr. Gage's ideas."

We think that the findings support the judgment, and there are no other points necessary to be mentioned.

The judgment is affirmed.